FILED
2019 Jul-12  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Erskine Burgess, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| MRS BPO, LLC, d/b/a MRS Associates, a New Jersey limited liability company, and NCB Management Services, Inc., a Pennsylvania corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Erskine Burgess, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Erskine Burgess ("Burgess"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants attempted to collect a defaulted consumer debt, which he allegedly owed for a Rise Credit of Alabama account.

4. Defendant, MRS BPO, LLC, d/b/a MRS Associates ("MRS"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. MRS operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant MRS was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, NCB Management Services, Inc. ("NCB"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. NCB operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant NCB was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Moreover, Defendant NCB is also a bad debt buyer, that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon directly or through other collection agencies, like MRS. Defendant NCB's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants MRS and NCB are authorized to conduct business in Alabama, and maintain registered agents here, see, records from the Alabama

Secretary of State, attached as Group Exhibit A. In fact, Defendants MRS and NCB conduct business in Alabama.

**FACTUAL ALLEGATIONS**

8. Due to financial difficulties, Mr. Burgess was unable to pay his debts, including one he owed to Rise Financial of Alabama. After that debt went into default, it was purchased by Defendant NCB. Mr. Burgess struggled for several years to make payments on the debt but, due to overwhelming financial problems on March 7, 2019, Mr. Burgess and his wife filed a Chapter 7 bankruptcy petition, in a matter styled In re: Burgess, N.D. Ala. Bankr. No. 19-00940-DSC7. Among the debts listed on Schedule E/F of his Mr. Burgess' bankruptcy petition was a debt that he allegedly owed for the Rise Credit of Alabama account; Defendants NCB and MRS were also listed on his bankruptcy as to that debt, see, excerpt of Schedule E/F, attached as Exhibit B.

9. Accordingly, on March 10, 2019, Defendants were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

10. Nonetheless, Defendants sent Mr. Burgess a text message to his cell phone on March 19, 2019, regarding payment of the Rise Credit of Alabama debt that he owed prior to the bankruptcy. A copy of this text message is attached as Exhibit D.

11. Defendants' post-bankruptcy communication was a material violation of the FDCPA because the continued collection demand, after he had filed for bankruptcy made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted

him under the Bankruptcy Code, as well as his rights under the FDCPA.

12. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is subject to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, <u>see</u>, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notice issued by that court (Exhibit <u>C</u>), provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Exhibit <u>D</u>), despite his bankruptcy, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Erskine Burgess, prays that this Court:

1. Find that Defendants' form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Burgess, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Erskine Burgess, demands trial by jury.

Erskine Burgess,

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

                                                      By: /s/ Bradford W. Botes
                                                      One of Plaintiff's Attorneys

Dated: July 11, 2019

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps     (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com